UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJANA KILIC,

       Petitioner,                         No. 20-12850

v.                                        District Judge Sean F. Cox
                                             Magistrate Judge R. Steven Whalen

REBECCA J. ADDUCCI, ET AL.,

       Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner Dijana Kilic, a native of Bosnia (now Bosnia and Herzegovina), is subject to a final order of removal, and, following her release from a four-year prison sentence for armed robbery, she has been in the custody of Immigration and Customs Enforcement ("ICE"). On October 23, 2020, she filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention.

Before the Court is her Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 19], in which she seeks an order barring ICE from removing her from the United States. The matter has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), and for the reasons discussed below, I recommend that the motion be DENIED.

## I. BACKGROUND

After Ms. Kilik's removal order became final, and she was taken into ICE custody, she was not immediately removed because the consulate of Bosnia and Herzegovina ("BiH") had not issued appropriate travel documents. To issue travel documents, the consulate required her to produce identification documents that she did not have. She did

not have these documents, such as a passport, because she fled Bosnia as a young child, with her family. Through counsel and her family, Ms. Kilik has continued to work with the consulate to obtain the travel documents, but until recently, the government of BiH has not produced those documents.

In her habeas petition [ECF No. 1], Ms. Kilik argues that her continued ICE detention, with no significant likelihood of removal in the reasonably foreseeable future, violates due process. *See Zadvydas v. Davis*, 533 U.S. 678,701 (2001); 8 C.F.R. § 241.4(e).  In addition, she has submitted a January 20, 2021 Memorandum from the Acting Secretary of Homeland Security [ECF No. 18-1, PageID.131-135] that establishes a 100-day pause on removals of non-citizens, with certain exceptions not applicable to Ms. Kilik. She argues that the prospect of being detained for at least 100 more days, in addition to what she asserts is the presumptively unreasonable detention she has already endured, further supports her request for release. I ordered supplemental briefing on the effect of the DHS Memorandum on the habeas petition, and both parties' briefs are due on January 28, 2021.

In the present motion for injunctive relief, Ms. Kilik states that she has received very recent information that the consulate has now issued travel documents, and that her removal is imminent. At argument on this motion on January 26, 2021, counsel proffered that the removal is scheduled for this Friday, January 29, 2021.  She seeks to stay that removal, arguing that it would be in violation of DHS's own memorandum, and that if she is in fact removed, it would deprive this Court of jurisdiction to hear her underlying habeas petition.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine

and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction or TRO, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, at 573.

### III. DISCUSSION

At the outset, I note that the only information to indicate that Ms. Kilik is going to be removed on January 29 is in the form of the hearsay statement of her brother, which was relayed to counsel and then to the Court. Regardless, her motion for injunctive relief must be denied, because for two reasons she has shown no likelihood of success on the

merits.

First, Ms. Kilik premises her argument on the theory that her removal would be in violation of the 100-day stay provision of the DHS Memorandum. But regardless of whether or not that is so, the Memorandum does confer any rights or provide any remedies to Ms. Kilik. Section D of the Memorandum states:

> "These guidelines and priorities are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." ECF No. 18-1, PageID.134.

Secondly, this Court does not have jurisdiction to hear a challenge to the execution of a final order of removal. The only mechanism for such challenge is set forth in 8 U.S.C. § 1252(5), which provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter...." Ms. Kilik has unsuccessfully pursued that remedy. In addition, § 1252(g) provides:

> **(g) Exclusive jurisdiction**
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28, or any other habeas corpus provision*, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien under this chapter. (Emphasis added).

Because this Court does not have jurisdiction to enter a TRO or preliminary injunction staying the execution of a removal order, Ms. Kilik has no likelihood of success on the merits of the present motion, which must therefore be denied.[1]

---

[1] I will issue a separate Report and Recommendation on the underlying habeas petition after the supplemental briefs are filed on January 28, 2021.

## IV. CONCLUSION

I recommend that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 19] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

Dated: January 26, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on January 26, 2021 electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager