UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIJANA KILIC,

       Petitioner,                              No. 20-12850

v.                                          District Judge Sean F. Cox
                                            Magistrate Judge R. Steven Whalen

REBECCA J. ADDUCCI, ET AL.,

       Respondents.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Dijana Kilic, a native of Bosnia (now Bosnia and Herzegovina), is subject to a final order of removal, and, following her release from a four-year prison sentence for armed robbery, she has been in the custody of Immigration and Customs Enforcement ("ICE"). Before the Court is her petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention [ECF No. 1]. For the reasons discussed below, I recommend that the Petition be DENIED.

**I.    BACKGROUND**

After Ms. Kilik's removal order became final, and she was taken into ICE custody, she was not immediately removed because the consulate of Bosnia and Herzegovina ("BiH") had not issued appropriate travel documents. To issue travel documents, the consulate required her to produce identification documents that she did not have. She did

not have these documents, such as a passport, because she fled Bosnia as a young child, with her family, during the conflicts between Serbians, Bosnians, and Croatians. Her family was granted refugee status in Germany, and moved to the United States as refugees in 1999. Petitioner became a lawful permanent resident of the United States on June 10, 2002. *Petition*, ECF No. 1, PageID.2-3.

Following her conviction, an Immigration Judge ordered Petitioner removed. The Board of Immigration Appeals denied her appeal on October 3, 2019, and her federal court appeal was dismissed on July 10, 2020. She has been in ICE custody since February 25, 2020. *Id*. PageID.3.

Through counsel and her family, Ms. Kilik has continued to work with the consulate to obtain the travel documents. She states that the BiH consulate was unable to issue a new birth certificate or other proof of citizenship based on the copy of her birth certificate that she provided. According to an affidavit submitted by Sabina Kilic, Petitioner's mother, dated December 10, 2020, she obtained information for the Consulate General of BiH in Chicago, indicating that he did not have all the documentation needed for travel documents, that the process was being delayed, and that he "could not say when the process will be fully completed." ECF No. 14-1, PageID.118.

Petitioner argues that her continued ICE detention, with no significant likelihood of removal in the reasonably foreseeable future, violates due process.

Just before the hearing on this Petition, Petitioner submitted as a supplemental

exhibit a January 20, 2021 Memorandum from the Acting Secretary of Homeland Security [ECF No. 18-1, PageID.131-135] that establishes a 100-day pause on removals of non-citizens, with certain exceptions not applicable to Ms. Kilik. I requested supplemental briefing on the effect of this Memorandum. Petitioner subsequently filed motion for injunctive relief, stating that she has received very recent information that the consulate has now issued travel documents, and that her removal is imminent. [ECF No. 19]. At argument on that motion on January 26, 2021, counsel proffered that the removal was scheduled for Friday, January 29, 2021.

In its supplemental brief filed on January 28, 2021, Respondents state that they have "been informed that the date originally scheduled for Petitioner's removal was cancelled pending determination of the impact of the January 20 memorandum." ECF No. 24, PageID.168. Respondents further state, "ICE has informed counsel for Respondent that the Embassy has issued a travel document for Kilic. Kilic's removal was then scheduled. Although that removal was cancelled pending determination of the impact of the January 20 memorandum, ICE will now resume efforts to reschedule Kilic's removal." *Id.*, PageID.170.

Finally, Respondents cite *Texas v. United States*, 2021 WL 247877 (S.D. Tex. Jan. 26, 2021), where the Court issued a nationwide injunction enjoining the 100-day pause on removals for individuals already subject to a final order of removal.

## II. DISCUSSION

When an individual has been ordered to be removed from the United States, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Moreover, "[d]uring the removal period, the Attorney General shall detain the alien." *Id*. § 1231(a)(2). And under statutorily defined circumstances, detention may continue beyond 90 days:

> "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the [Secretary] to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period...." *Id*., § 1231(a)(6).

"In *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Court interpreted this provision to authorize the Attorney General (now the Secretary) to detain aliens ... only as long as 'reasonably necessary' to remove them from the country." *Clark v. Martinez*, 543 U.S. 371, 373 (2005) (quoting *Zadvydas*, 533 U.S. at 689, 699, 121 S.Ct. 2491). The *Zadvydas* Court "construe[d] the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id*. at 682, presumptively reasonable for up to six months. However, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the

'reasonably foreseeable future' conversely would have to shrink." *Id*. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Petitioner has been in ICE custody for almost a year, well past the presumptively reasonable six-month period set forth in *Zadvydas*. In her Petition, she proffered the near impossibility in obtaining documentation of her Bosnian citizenship acceptable to the BiH Consulate, as well as the concomitant delay in the issuance of the necessary travel documents, as reason to believe that removal was not likely in the foreseeable future. Now, of course, the travel documents have been issued, and her removal was scheduled. So the basis of her argument has now shifted to the DHS Memorandum placing a 100-day moratorium on removals.

Which brings us to *Texas v. United States*, where the Court issued a Temporary Restraining Order enjoining the enforcement of the 100-day moratorium for individuals subject to final orders of removal:

> "Accordingly, the Court finds that, under the circumstances here, Defendants must be enjoined from executing the January 20 Memorandum's 100-day pause on the removal of aliens in every place Defendants would have jurisdiction to implement it."

*Id*., 2021 WL 247877, at *8.

At this point in time, then, there is no impediment to Petitioner's removal, and the

travel documents that informed her initial arguments for release have been issued. The Respondents have met their burden of showing a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

But what if the national TRO enjoining enforcement of the 100-day moratorium is set aside before Petitioner is removed? After all, the Court in *Texas v. United States* noted:

> "That said, the Court notes that the scope of this injunction is something it is willing to revisit after the parties fully brief and argue the issue for purposes of the upcoming motion for preliminary injunction. Though the scope of this TRO is broad, it is not necessarily permanent." *Id*.

In such case, Petitioner could be looking at another roughly three more months in custody before her removal.  Added to the year that has already passed, that is not an insignificant amount of time. But it is not the indefinite detention that would constitute a due process violation under *Zadvydas*. *See Ly v. Hansen*, 351 F.3d 263, 267 (6th Cir. 2003) ("*Zadvydas* prohibits only one thing: permanent civil detention without a showing of a 'strong special justification' that consists of more than the government's generalized interest in protecting the community from danger.").

 "There is no bright-line test for measuring the "reasonable time" limitation engrafted onto § 1231(a)(6)." *Mulla v. Adducci*, 178 F. Supp. 3d 573, 576 (E.D. Mich. 2016). In *Mulla*, as in the present case, the individual had been in custody for about a year. Yet, the Court denied relief where the Petitioner would "probably" receive travel orders in "a couple of months":

> "Moreover, far from establishing that there is no significant likelihood that Mulla will be deported in the reasonably foreseeable future, the evidence suggests that he probably will receive travel orders from Pakistan within the next couple of months. Pakistan issued travel orders last summer. The process since has grown more complicated, but ICE agent Zywica suggested a six-month time frame, which has not yet elapsed since the last request on November 30, 2015. The present delay pales in comparison to the prospects for deportation in *Zadvydas*, where the government could not find a country that would agree to accept the two aliens in that case, or in *Ly v. Hansen*, where the removal proceeding itself was unreasonably lengthy." *Id*. at 577.

Petitioner's travel documents have been issued, and her removal had already been scheduled once. But for the issuance of the DHS Memorandum, she would have been removed. Now that the Memorandum has been enjoined, it is reasonably foreseeable that she will be removed in the very near future. But even if the moratorium is reinstated, she will likely be removed after its expiration. I do not question that Petitioner's continued ICE detention, following a four-year prison sentence, have been difficult for her. But the delays, coupled with the lack of other impediments to her removal, do not establish that there is no significant likelihood that she will be deported in the reasonably foreseeable future, and do not amount to a due process violation under *Zadvydas*.

### III.  CONCLUSION

I recommend that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                                      s/R. Steven Whalen
                                                                                      R. Steven Whalen
                                                                                      United States Magistrate Judge

Dated: February 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 1, 2021 electronically and/or by U.S. mail.

                                                        s/Carolyn M. Ciesla
                                                        Case Manager