UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dijana Kilic,

    Petitioner,

                                                    Civil Case No. 20-12850

v.

Rebecca J. Adducci, *et al.*,              Sean F. Cox
                                                   United States District Court Judge

    Respondents.
_____/

## ORDER ADOPTING
## 2/1/21 REPORT AND RECOMMENDATION
## AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Dijana Kilic, a native of Bosnia (now Bosnia and Herzegovina), is subject to a final order of removal, and, following her release from a four-year prison term for armed robbery, she has been in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which this Court referred to Magistrate Judge Steven Whalen for issuance of a report and recommendation.

Following a hearing and supplemental briefs submitted by the parties, on February 1, 2021, the magistrate judge issued a Report and Recommendation wherein he recommends that the Court deny the petition. (ECF No. 27). In it, the magistrate judge explains that after Petitioner's removal order became final she was taken into ICE custody but was not removed because she lacked an appropriate travel document. Through her counsel and her family, Petitioner worked with the consulate to obtain a travel document but it was taking some time. Petitioner then filed her habeas petition, asserting that her continued ICE detention, with no significant likelihood of removal in the reasonably foreseeable future, violates due process.

1

During the course of this action, however, the travel documents that informed her initial arguments for release were issued.  Though not raised in her petition, the parties later addressed a DHS Memorandum placing a 100-day moratorium on removals, that was later enjoined by a court order.  The magistrate addressed this supplemental issue too, and concluded:

> Petitioner's travel documents have been issued, and her removal had already been scheduled once.  But for the issuance of the DHS Memorandum, she would have been removed.  Now that the Memorandum has been enjoined, it is reasonably foreseeable that she will be removed in the very near future.  But even if the moratorium is reinstated, she will likely be removed after its expiration.  I do not question that Petitioner's continued ICE detention, following a four-year prison sentence, have been difficult for her.  But the delays, coupled with the lack of other impediments to her removal, do not establish that there is no significant likelihood that she will be deported in the reasonably foreseeable future, and do not amount to a due process violation under *Zadvydas*.

(R&R at 7).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On February 11, 2021, Petitioner filed timely objections to the Report and Recommendation ("R&R").  She asserts two objections to the R&R, both of which this Court finds to be without merit.

First, Petitioner asserts that "ICE's Claimed Possession of Petitioner's Travel Document is  Well Beyond the Six Month Period authorized by *Zadvydas*." (Pet'r.'s Objs. at 4).  In making this objection, Petitioner notes that the magistrate was persuaded that Respondent has obtained the travel document for Petitioner and concluded that it is reasonably foreseeable that Petitioner

will be removed in the very near future. Petitioner contends that, in reaching his conclusion, the magistrate judge "fail[ed] to consider the timeline of her detention" and related events.

The R&R, however, reflects that the magistrate judge carefully considered all of the relevant events, and changing circumstances, before he reached his conclusion and made his recommendation. He also held a hearing and entertained supplemental briefs from the parties before making his recommendation.

Second, Petitioner speculates that the validity of the travel document that ICE recently obtained for her could be an issue and could possibly delay her removal. (Pet'r.'s Objs. at 6). Assuming that the travel document that ICE obtained for her was a "travel certificate," Petitioner directs the Court to an unfamiliar reference (a print out from "Refworld") that states that a travel certificate "shall be valid as long as it is needed for the return to Bosnia and Herzegovina, but no longer than 20 days." (ECF No. 29-1 at PageID.226). That same source, however, notes that travel certificates are just one type of "travel document." (*Id*. at PageID.223). Petitioner argues that if the travel document that ICE obtained for he is a travel certificate, then depending on when it was issued, it may be expiring soon. Because Petitioner did not make this argument before the magistrate judge, the magistrate judge did not address it his R&R. Thus, this second "objection" is not an objection to the R&R at all.

Accordingly, the Court hereby ADOPTS the February 1, 2021 R&R and ORDERS that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

IT IS SO ORDERED.

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  February 25, 2021